# IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT JACKSON

_____

|  |  |  |
|---|---|---|
| **HOWARD A. WOODS,** | ) | Shelby County Chancery Court |
|  | ) | No. 106415-1 R.D. |
| Plaintiff/Appellant. | ) |  |
|  | ) | HON. NEAL SMALL, CHANCELLOR |
| VS. | ) |  |
|  | ) | C. A. No. 02A01-9607-CH-00155 |
| **M.T.C. MANAGEMENT and** | ) |  |
| **SOLOMON MANAGEMENT**, | ) | **AFFIRMED AND REMANDED** |
|  | ) |  |
| Defendants/Appellees. | ) | OPINION FILED: |
|  | ) |  |

**FILED**

**Jan, 31, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

**Howard A. Woods**, Pro Se

**J. Whitten Gurkin**, Memphis, Tennessee, for Defendants/Appellees.

_____

## MEMORANDUM OPINION[1]
_____


## FARMER, J.


The issue before this Court is whether the trial court erred in dismissing Plaintiff's suit for lack of jurisdiction. Plaintiff sued the defendants alleging he was wrongfully evicted from property located at 3211 Ashwood, Memphis, Tennessee. He further alleged that the defendants were in further violation of the Uniform Residential Landlord and Tenant Act set forth at T.C.A. § 66-28-101 *et seq.* as follows: § 66-28-501 (noncompliance with rental agreement by landlord); § 66-28-502 (failure to supply essential services) and § 66-28-504 (unlawful ouster, exclusion, or diminution of service).

It is without dispute that Shelby County meets the population provisions of the Act set forth at § 66-28-102. Section 66-28-105(a) provides:

---

[1]**Rule 10(Court of Appeals). Memorandum Opinion**. -- (b) The Court, with concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

1

> The general sessions and circuit courts of this state shall exercise original jurisdiction over any landlord or tenant with respect to any conduct in this state governed by this chapter. (Emphasis added.)

The relief sought falls within the above statute. The plaintiff brought this action in chancery court. It is clear from the statute that the trial court was correct in dismissing the complaint for lack of subject matter jurisdiction. The judgment entered below is affirmed and the costs of this appeal are taxed to the appellant, Howard A. Woods, for which execution may issue if necessary.

_____
**FARMER, J.**


_____
**CRAWFORD, P.J., W.S. (Concurs)**


_____
**HIGHERS, J. (Concurs)**